UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL SCHWARTZ | CIVIL ACTION |
| VERSUS | NO: 17-629 |
| HICHAM KHODR | SECTION: "H"(1) |

## ORDER AND REASONS

Before the Court is Plaintiff Michael Schwartz's Motion to Stay (Doc. 53).  For the following reasons, this Motion is **DENIED**.

## BACKGROUND

In this action, Plaintiff Michael Schwartz brings claims of fraud, unjust enrichment, conversion, fraudulent misrepresentation, and negligent misrepresentation against Hicham Khodr arising out of contracts associated with the transfer and licensure of property associated with the Camellia Grill restaurant in New Orleans.  This suit was filed on June 8, 2016 in the United States District Court for the Northern District of Mississippi.  Defendant responded with a Motion to Dismiss for Lack of Personal Jurisdiction pursuant

1

to Rule 12(b)(2), a Motion to Dismiss for Lack of Proper Venue or, alternatively, Motion to Transfer Venue pursuant to Rule 12(b)(3), a Motion to Dismiss pursuant to Rule 12(b)(6), and a Motion for Rule 11 Sanctions. The Mississippi Court denied Defendant's Motion to Dismiss for lack of Personal Jurisdiction and Motion to Dismiss for Lack of Proper Venue, but granted his Motion to Transfer Venue to this Court. The Motion to Dismiss and Motion for Sanctions remain pending.

Plaintiff now seeks a stay of this matter, citing the fact that his Mississippi counsel of record, Stephan McDavid, will be unable to enroll pro hac vice in this matter due to disciplinary proceedings pending against him in Mississippi. He requests time to retain new counsel to represent his interests with regard to the pending 12(b)(6) Motion to Dismiss and the Motion for Rule 11 Sanctions.[1]

## LEGAL STANDARD

The Federal Courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."[2] Nevertheless, "A district court certainly possesses the authority to regulate its flow of cases."[3] "Although the Court has the inherent power to stay any matter pending before it in the interest of justice and economy of time and effort for itself, for counsel and for litigants, the moving party bears a heavy burden to show why a stay should be granted."[4]

---

[1] Attorney Irl Silberstein has enrolled for the limited purpose of filing the instant Motion to Stay.
[2] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citiations omitted).
[3] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 (5th Cir. 1985).
[4] *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Re*f., L.L.C., 348 F. Supp. 2d 765, 767 (E.D. La. 2004).

## LAW AND ANALYSIS

Plaintiff seeks a 120 day stay of the instant case, arguing that he requires time to retain new counsel. Defendant responds in opposition, arguing that such a lengthy stay is inappropriate.[5] The Court has reviewed the record and finds that no stay is warranted at this time. Defendant's Motion to Dismiss and Motion for Sanctions are fully briefed before the Court and ready for disposition. Oral argument on these Motions is unnecessary at this time. The Court sees no reason to postpone ruling on these Motions, particularly considering that Defendant's Motion to Dismiss is potentially dispositive of this matter. Furthermore, as Defendant correctly indicates, this matter was transferred to this Court more than 2 months ago on January 25, 2017, giving Plaintiff ample time to retain local counsel. Accordingly, the Motion to Stay is denied.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Stay is **DENIED**.

New Orleans, Louisiana this 28th day of March, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] Defendant states that he consents to a 30 day stay of the proceedings. The Court finds, however, that any stay of these proceedings is unwarranted.