UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MICHAEL SHWARTZ                                           CIVIL ACTION

VERSUS                                                    NO: 17-629

HICHAM KHODR                                              SECTION: "H"(1)


### ORDER AND REASONS

Before the Court is Defendant Hicham Khodr's Motion to Dismiss (Doc 15) and Motion for Sanctions (Doc 11). For the following reasons, the Motion to Dismiss is GRANTED, and the Motion for Sanctions is DENIED.

### BACKGROUND

In this action, Plaintiff Michael Shwartz brings claims of fraud, unjust enrichment, conversion, fraudulent misrepresentation, and negligent misrepresentation against Defendant Hicham Khodr arising out of contracts associated with the transfer and licensure of property associated with the Camellia Grill restaurant in New Orleans. This transaction has previously

1

been the subject of extensive litigation in both this Court,[1] the United States Court of Appeals for the Fifth Circuit, and Louisiana state court. A brief outline of the history of this litigation is helpful here.

### I. Factual Background

For many years prior to Hurricane Katrina, the Shwartz family owned and operated Camellia Grill. Under the Shwartz family ownership, the restaurant on Carrollton Avenue was the only location of operation. In 1999, Shwartz formed CGH for the sole purpose of holding federally registered trademarks associated with the restaurant.

In August of 2005, the city of New Orleans was decimated by the landfall of Hurricane Katrina. Shwartz relocated to Grenada, Mississippi in the wake of the storm, and Camellia Grill remained closed. At some point during the year following Katrina, Shwartz and Khodr negotiated the sale of Camellia Grill. In August of 2006, the parties, through various entities, executed three contracts: (1) the Cash Sale, (2) the Bill of Sale, and (3) the License Agreement.

The Cash Sale was executed on August 11, 2006. Pursuant to the Cash Sale, Michael Shwartz sold the immovable property located at 626 Carrollton Avenue (the home of Camellia Grill) to RANO, LLC for the sum of $490,000.00.

On August 11, 2006, Michael Shwartz, Camellia Grill, Inc., and CGH executed a Bill of Sale in favor of Uptown Grill, LLC, for the sum of $10,000.00.

On August 27, 2006, CGH and Grill Holdings executed the License Agreement, in which the parties acknowledged that CGH held the now-disputed federally registered trademarks and granted Grill Holdings exclusive license to use the trademarks for the sum of $1,000,000.00, plus royalties. On

---

[1] *See Uptown Grill v. Shwartz, et al.*, Case No. 13-6560.

December 3, 2010, the Khodr Defendants opened a Camellia Grill restaurant on Chartres Street in the French Quarter.

## II. Procedural History

Sometime following the transactions in 2006, disagreements arose regarding the License Agreement and litigation ensued. The License Agreement was ultimately cancelled by a Louisiana state court based on the finding that Grill Holdings had breached its obligations under the contract.[2] That order has become final on direct appeal.

While the state judgment cancelling the License Agreement was on appeal, CGH filed suit in this Court alleging that Grill Holdings's continued use of the Camellia Grill trademarks violated the Lanham Act and seeking a preliminary and permanent injunction prohibiting Grill Holdings from using the marks, including the facade of the Camellia Grill building.[3] After this Court denied CGH's Motion for Preliminary Injunction, CGH filed a Motion for Voluntary Dismissal, which this Court granted.

While the Motion for Voluntary Dismissal was pending, Uptown Grill filed a declaratory judgment action, which became the lead case in the Federal Action.[4] Uptown Grill alleged that it owned the trademarks that are located "within or upon the property" at 626 South Carrollton Avenue, that its continued use of the trademarks at that location was lawful, and that it was entitled to a declaratory judgment to that effect.

After the Motion for Voluntary Dismissal was granted and while the Uptown Grill claim was pending, CGH initiated suit in state court asserting

---

[2] *See The Grill Holdings, L.L.C. v. Camellia Grill Holdings, Inc.*, 120 So. 3d 294 (La. App. 4 Cir. 2013).

[3] *See Camellia Grill Holdings, Inc. v. City of New Orleans, et al*, No. 13–5148 (E.D. La. filed July 23, 2013).

[4] That case bears case no. 13–6560.

claims for trademark infringement and breach of the License Agreement by filing a supplemental pleading in the then-closed state court litigation. The Khodr parties removed the litigation to this Court, invoking this Court's federal question jurisdiction under the Lanham Act, and the litigation was consolidated with the declaratory action. After the Court denied a motion to remand, CGH amended its complaint to explicitly assert Lanham Act claims. CGH also amended its Complaint to assert trade dress claims.

On July 9, 2015, this Court granted summary judgment to Uptown Grill in the lead action, finding that Uptown Grill owned all the Camellia Grill trademarks based on the plain language of the Bill of Sale. The Court found that the Shwartz parties' claims asserted in the consolidated action were precluded by this ruling.

On appeal, the Fifth Circuit affirmed those portions of this Court's ruling with regards to the finding that Uptown Grill owns the trademarks within or upon the Carrollton Avenue location but reversed with regard to this Court's ruling that Uptown Grill owned the Camellia Grill trademarks at all other locations. The Circuit found that the relief granted by the Court was beyond that requested by the Khodr parties in the lead action. This ruling effectively resolved the lead action but reopened the consolidated cases for a determination of whether Shwartz may be afforded any relief. That limited question remains pending before this Court.

The instant suit was filed on June 8, 2016 in the United States District Court for the Northern District of Mississippi. Therein, Plaintiff Michael Shwartz brings claims of common law fraud, unjust enrichment, conversion, fraudulent misrepresentation, and negligent misrepresentation against Defendant Hicham Khodr. Defendant responded with a Motion to Dismiss for

4

Lack of Personal Jurisdiction pursuant to Rule 12(b)(2), a Motion to Dismiss for Lack of Proper Venue or, alternatively, Motion to Transfer Venue pursuant to Rule 12(b)(3), a Motion to Dismiss pursuant to Rule 12(b)(6), and a Motion for Rule 11 Sanctions.  The Mississippi Court denied Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Lack of Proper Venue but granted his Motion to Transfer Venue to this Court.  The Motion to Dismiss and Motion for Sanctions remain pending and will be addressed herein.

## LEGAL STANDARD

**I. Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[5]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[8]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[6] *Id.*
[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[8] *Iqbal*, 556 U.S. at 667.
[9] *Id.*

5

will not suffice.[10]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[11]

## II. Motion for Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides that, upon presenting a pleading to the court, an attorney certifies that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[12]

Rule 11(c) provides that, if a party believes that Rule 11(b) has been violated, he may move for sanctions. Such a motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."[13] The rule also contains a "safe harbor" provision, whereby such a motion must be served on the allegedly offending party but not presented to the Court for 21 days, thereby providing the party an opportunity to withdraw the challenged pleading.[14]

---

[10] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[11] *Lormand*, 565 F.3d at 255–57.
[12] Fed. R. Civ. P. 11.
[13] *Id.*
[14] *Id.*

6

**LAW AND ANALYSIS**

Defendant has filed a Motion to Dismiss and a Motion for Rule 11 Sanctions. The Court will address these Motions in turn.

**I. Motion to Dismiss**

Defendant asks the Court to dismiss this action based on res judicata, lack of standing, and prescription. Because the Court finds that Defendant's standing and res judicata arguments have merit, it need not address his remaining arguments.

**A**. **Plaintiff Lacks Standing**

Defendant avers that Plaintiff lacks standing to bring this action because the Camellia Grill marks were owned by CGH, not him personally. The justiciability doctrines of standing, mootness, political question, and ripeness all stem for the case of controversy requirement set forth in Article III of the United States Constitution.[15] The basic requirements of standing, as set forth by the Supreme Court, are as follows:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."[16]

---

[15] *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012).
[16] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations omitted).

The Court finds that Plaintiff lacks standing to bring the instant suit. The injury complained of—i.e. the loss of Camellia Grill trademark rights through the allegedly surreptitious inclusion of the same in the Bill of Sale— was sustained by Camellia Grill Holdings, not Michael Shwartz.[17] The gravamen of instant suit is that Shwartz was deprived of his ownership in the Camellia Grill trademarks; however, he did not personally own the marks in question. He brings his claims under Mississippi law, however "an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation."[18] This rule applies "even though the complaining stockholder owns all or substantially all of the stock of the corporation" and even where "the acts complained of resulted in damage both to the corporation and to the stockholder."[19] Here, it is CGH, not Michael Shwartz personally, who was deprived of ownership interest in the Camellia Grill trademarks. He therefore lacks standing to bring this suit.

**B. Res Judicata**

The Court next finds that, even assuming Plaintiff's standing to bring the instant action, the same is precluded by res judicata. "When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law."[20] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies

---

[17] The Complaint acknowledges that CGH was the sole owner of the marks prior to the Bill of Sale.

[18] *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, 892 F. Supp. 2d 779, 782 (S.D. Miss. 2012).

[19] *Id.*

[20] *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009).

from relitigating issues that were or could have been raised in that action."[21] In order for a claim to be barred by the doctrine of res judicata, the following requirements must be met: (1) the parties must be identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded by a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions.[22] Defendants argue that all of these requirements are satisfied here and that the instant action is precluded by this Court's judgment in case no. 13-6560, as partially affirmed by the Fifth Circuit. The parties do not appear to dispute that the parties were identical in the first federal litigation or that judgment therein was rendered by a court of competent jurisdiction, satisfying the first two factors of the res judicata analysis. Plaintiff argues, however, that the prior litigation has not resulted in a final judgment and that the same claim or cause of action was not involved in both actions. This Court will therefor confine its analysis to a discussion of the third and fourth res judicata factors.

### A. Existence of a Final Judgment on the Merits

Plaintiff argues that this Court's earlier judgment lacks preclusive res judicata effect because it was reversed in part on appeal. This argument ignores the fact that this judgment was also affirmed in part on appeal as to the ownership of the Camellia Grill trademarks on Carrollton Avenue. A judgment that is undisturbed on appeal serves as a final judgment on the merits.[23] Accordingly, as this Court's judgment relative to the ownership of

---

[21] *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016).
[22] *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013).
[23] *Id.*

9

the Camellia Grill trademarks on Carrollton Avenue was affirmed, that finding represents a final judgment entitled to res judicata effect.

### B. Identity of Claim or Cause of Action

Plaintiff next argues that the claims presented in this matter do not represent the same "claim or cause of action" presented in the earlier federal case. This argument misapplies the law relative to this element. "In determining whether the fourth element [is] satisfied, [a] district court applie[s] the transactional test, which requires that the two actions be based on the same nucleus of operative facts."[24] "What constitutes a 'transaction' or a 'series of transactions' is determined by weighing various factors such as whether the facts are related in time, space, origin, or motivation [;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[25]

It appears to this Court to be beyond dispute that the causes of action raised in the instant case arise from the same transaction or occurrence as those previously litigated ad nauseam in this and other courts. Here, Plaintiff alleges a fraudulent course of conduct surrounding the negotiation of the contracts whereby he transferred to Defendant his interest in the Camellia Grill restaurant in New Orleans. He is particularly focused on language inserted in the Bill of Sale whereby Khodr acquired interest in the Camellia Grill marks at the Carrollton Location. The meaning of this document has, however, been litigated to conclusion in this Court. Plaintiff himself acknowledges that he became aware of the alleged fraud at issue in this case when Defendant brought the declaratory judgment action in the original

---

[24] *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401–02 (5th Cir. 2009) (citations omitted).
[25] *Id.* (citations omitted).

10

federal litigation. If that is so, then there is no excuse for his failure to assert said claims at that time. Because the causes of action asserted herein plainly stem from the same transaction or occurrence at issue in the previously-adjudicated federal action, they are barred by res judicata.

## II. Motion for Sanctions

Defendant asks the Court to sanction Plaintiff under Federal Rule of Civil Procedure 11(c), as he contends that the instant litigation "was filed to harass, cause unnecessary delay, and needlessly increase the cost of litigation." The Court finds that sanctions are inappropriate at this time. "[R]egardless of whether the attorney's view of the law is erroneous, sanctions can be imposed only if his position can fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal."[26] Though the Court does note that this action appears to be part of a disturbing pattern of duplicative litigation, it finds that Plaintiff's arguments relative to the res judicata effect of this Court's prior judgment are not so frivolous as to warrant sanction. Accordingly, Defendant's Motion for Sanctions is **DENIED**.

---

[26] *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994).

## CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss is **GRANTED** and his Motion for Sanctions is **DENIED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 7th day of July, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**